Cyrus E. MAXFIELD, Plaintiff,

v.

Lynn E. THOMAS, et al., Defendants.

Civ. No. 82–1008.

United States District Court,
D. Idaho.

Feb. 18, 1983.

Cyrus E. Maxfield, pro se.

Donald J. Farley and Mark S. Prusynski of Moffatt, Thomas, Barrett & Blanton, Chartered, Thomas Frost, Deputy Atty. Gen., Chief, Administration Law & Litigation Div., Boise, Idaho, for defendants.

## MEMORANDUM OPINION

RYAN, District Judge.

On January 11, 1982, the plaintiff, appearing pro se, filed a Complaint against the defendants in this action. The Complaint of the plaintiff is a civil rights action essentially arising under 42 U.S.C. § 1983. The specifics of plaintiff's Complaint as against Defendants Harris and Ada County will be discussed in more detail below. On

March 1, 1982, Defendants Jim C. Harris and County of Ada filed a Motion for Summary Judgment. At the conclusion of the briefing of that motion, the court held hearing on July 6, 1982. At the conclusion of the hearing, it was the court's opinion that the record before the court constituted an inadequate basis for decision on the Motion for Summary Judgment. Based upon the court's assessment, the court requested additional briefing from the parties concerning the events during the plaintiff's prosecution and concerning the effect of Magistrate Vehlow's decision regarding plaintiff's Motion to Suppress and other motions made during the state criminal proceeding. Both parties have since filed supplemental memoranda regarding the Motion for Summary Judgment, and Defendants Harris and Ada County have submitted an Affidavit of Dennis Johnson pertaining to the chronology of events that took place during plaintiff's criminal prosecution. Therefore, this case is properly before the court on the Motion for Summary Judgment of Defendants Harris and Ada County.

The following recitation of material facts will facilitate an understanding of the plaintiff's claims against Defendants Harris and Ada County and the issues presented by those defendants in their Motion for Summary Judgment. On November 26, 1979, a Criminal Complaint was filed against the plaintiff in the Magistrate Division of the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada. That complaint charged plaintiff with practicing medicine without a valid Idaho license, a misdemeanor under Idaho Code § 54–1804. On November 26, 1979, a search warrant issued from the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, authorizing a search of plaintiff's business premises at 1106 North Cole Road, Boise, Idaho. On November 27, 1979, a search of plaintiff's business premises was conducted pursuant to that search warrant and certain property of plaintiff was seized. On November 28, 1979, a second search warrant issued, authorizing a subsequent search of the same business premises of the plaintiff mentioned above. On November 29, 1979, a search of plaintiff's business premises was conducted pursuant to that search warrant and certain property of plaintiff was seized. On February 5, 1980, a Criminal Complaint and Deposition was filed in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada. That complaint contained approximately 20 additional charges against the plaintiff, including a manslaughter charge.

Defendant made a Motion for Return of Property and Motion to Suppress concerning items which the state seized pursuant to the two search warrants mentioned above in the Magistrate Division of the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, pursuant to the original misdemeanor charge of practicing medicine without a license. The state filed a Motion to Dismiss Defendants' Motion for Return of Property and/or Motion to Suppress as to Irrelevant Parts. Those motions were argued in hearings conducted on January 11, 1980; January 17, 1980; February 2, 1980; and February 22, 1980. By Order filed March 25, 1980, Magistrate Vehlow denied plaintiff's Motion to Suppress on numerous grounds. Regarding the ground most relevant to this action, Magistrate Vehlow held that the search warrants and supporting affidavits presented sufficient probable cause to issue both search warrants. Magistrate Vehlow also held that the search warrants were constitutional and not unlawfully vague.

On June 5, 1980, the state filed a 21–count Information along with an Information Part II, which charged the plaintiff with being a persistent violator of the law in violation of Idaho Code § 19–2514. On July 24, 1980, the plaintiff appeared in the district court and entered pleas of not guilty to all charges contained in that two-part Information. It was that Information that the plaintiff was eventually tried upon. In addition to the charge of being a persistent violator of the law, that Information charged the plaintiff with one count of manslaughter, six counts of unlawful pos-

session of a controlled substance with intent to deliver, eight counts of unlawful sale/dispensing of prescription drugs, one count of unlicensed practice of medicine, one count of unlicensed practice of medicine/unlawful assumption of title, two counts of obtaining money under false pretenses, and one count of unlawful possession of legend drugs.

Prior to the trial upon those charges held on March 4, 1981, plaintiff filed a Supplemental Motion to Suppress all evidence seized pursuant to both search warrants, alleging that both the warrants and actions conducted pursuant to those warrants were contrary to the fourth and fourteenth amendments of the United States Constitution and applicable provisions of the Idaho State Constitution, Idaho Code and Criminal Rules of Procedure. By Order dated February 27, 1981, District Judge Newhouse of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, denied the Supplemental Motion to Suppress on the grounds that the motion was not filed in a timely manner pursuant to Idaho Criminal Rule 12. On March 21, 1981, the jury rendered a verdict of guilty on all charges in the Information Part I. Subsequent to that verdict, the plaintiff tendered a guilty plea to the Information Part II.

On March 24, 1981, plaintiff filed a Motion for Judgment of Acquittal, which was denied on April 2, 1981. Plaintiff also filed a Petition for Post-Conviction Relief on July 17, 1981, which was denied, and a Supplemental Petition on January 29, 1982. In that supplement, the plaintiff does not directly attack the propriety of the decisions on the search and seizure related issues. The record before the court reflects that the issues raised in the Supplemental Petition have not yet been decided. Plaintiff has also filed an appeal with the Supreme Court of the State of Idaho on February 22, 1982. The only issue presented on that appeal is whether the evidence pertaining to the manslaughter conviction was sufficient to support the jury verdict. It appears from the record before the court that that appeal is pending decision by the Supreme Court of the State of Idaho.

Additionally, of relevance to this case is a decision of the Idaho Supreme Court in *State v. Maxfield*, 98 Idaho 356, 564 P.2d 968 (1977). In that action plaintiff was charged with four counts of practicing medicine without a license and one count of illegal possession of a controlled substance with intent to deliver. In that action plaintiff sought to have Idaho Code § 54–1802 declared unconstitutionally vague and was successful in the trial court. However, the Idaho Supreme Court reversed the trial court, holding that that statute was not unconstitutionally vague as applied to naturopathy.

In *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Supreme Court held that civil rights complaints brought by pro se plaintiffs are to be held to a less stringent standard than formal pleadings drafted by lawyers. The court has scrutinized plaintiff's Complaint and pleadings against that standard, and for the sake of clarity in analyzing defendants' motion, has recognized the following respective claims against the moving defendants. Plaintiff's first claim for relief is brought pursuant to 42 U.S.C. § 1983. That claim alleges that both moving defendants have failed to return property seized from plaintiff's office. Plaintiff alleges that plaintiff has been deprived of private property in violation of the fifth and fourteenth amendments.

Plaintiff's third claim for relief is also brought pursuant to 42 U.S.C. § 1983. That claim for relief effectively alleges multiple claims against the moving parties. Within plaintiff's third claim for relief, plaintiff alleges he was deprived of constitutional rights by Defendant Harris which sounds in an abuse of process claim and a malicious prosecution claim. Additionally, plaintiff's third claim for relief contains an allegation that both moving defendants have deprived plaintiff of constitutional rights arising from allegedly unconstitutional searches and seizures.

Plaintiff's fourth claim for relief effectively alleges two causes of action against

the moving defendants. First, plaintiff complains that Defendant Harris deprived plaintiff of his liberty since Defendant Harris held plaintiff to the standard of care of physicians and surgeons licensed to practice medicine by the State of Idaho during the criminal prosecution. Plaintiff alleges that that standard of care violates plaintiff's equal protection and/or due process rights. Additionally, plaintiff alleges that both moving defendants deprived plaintiff of his equal protection of the laws through selective prosecution of the plaintiff, a naturopath, for involuntary manslaughter while not prosecuting medical doctors for similar offenses. In conjunction with that claim, plaintiff alleges that both moving defendants have established and followed a pattern, plan, policy, and program of invidious discrimination pursuant to official policy, law or custom of the State of Idaho and Ada County which resulted in a deprivation of plaintiff's equal protection of the laws. Therefore, the court must ascertain whether there are genuine issues of material fact remaining regarding whether plaintiff can withstand the Motion for Summary Judgment of Defendants Harris and Ada County. The court will first consider plaintiff's claims against Defendant Harris.

Defendant Harris was the Ada County Prosecutor at all times material to this action. For purposes of his Motion for Summary Judgment, Defendant Harris asserts that he is immune from plaintiff's claims, as a matter of law. Thus, the court must first ascertain the bounds of prosecutorial immunity and then analyze plaintiff's claims against Defendant Harris to determine whether the alleged actions of Defendant Harris fall within those bounds of prosecutorial immunity.

In *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court adopted a functional analysis which this court must apply to determine whether the actions of Defendant Harris occurred in his judicial or quasi-judicial capacity, which would entitle Defendant Harris to absolute immunity. The courts have traditionally recognized that ac-

tions taken by prosecutors in their investigative or administrative functions do not entitle the prosecutor to absolute immunity, but should be measured against the standard of qualified immunity. However, the Supreme Court in *Imbler v. Pachtman, id.,* provided the courts with some guidance in determining when certain actions fall within certain prosecutorial functions. The Court held that prosecutorial activities which "were intimately associated with the judicial phase of the criminal process" were functions to which absolute immunity applied with full force. *Imbler v. Pachtman, id.* at 430. The Court further recognized that the *Imbler* case did not give the Court the opportunity to consider whether absolute immunity would attach for those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of an advocate. *Id.* at 430–431, 96 S.Ct. at 994–995. The Court did note, however, that a prosecutor in the role of advocate frequently acts outside of the courtroom as well as in it, and thus the Court recognized that prosecutorial immunity attaches to both judicial and quasi-judicial activities. Finally, the Court held that a prosecutor is immune from a civil suit for damages under Section 1983, "in initiating a prosecution and presenting the State's case." *Id.* at 431, 96 S.Ct. at 995. Thus, this court must apply the functional analysis and the principles recognized in *Imbler v. Pachtman, id.,* to determine whether Defendant Harris is immune from the claims for relief alleged by plaintiff.

The initiation of a prosecution in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, commences with the filing of a criminal complaint. As mentioned above, a Criminal Complaint was filed against plaintiff on November 26, 1979. Subsequent to the filing of that complaint, two search warrants were obtained and executed against plaintiff and subsequent to the execution of those warrants, the criminal prosecution proceeded. The court shall individually analyze plaintiff's claims against Defendant Harris to determine which prosecutorial function they fall within.

■ Plaintiff's first claim for relief against Defendant Harris claims that the failure of Defendant Harris to return property seized from plaintiff's business premises constitutes a deprivation of private property in violation of the fifth and fourteenth amendments. The record reflects that plaintiff's appeal to the Idaho Supreme Court and a supplemental petition for post-conviction relief are pending. Additionally, there are no allegations that Defendant Harris nor his office have actual physical custody of the evidence or whether Defendant Harris could return the evidence to plaintiff given the post-conviction status of the action. Regardless of the ripeness issue, given the post-conviction status of plaintiff's criminal prosecution, the court finds that the actions complained about by plaintiff in his first claim for relief against Defendant Harris fall within the function intimately associated with the judicial phase of the criminal process. Therefore, the court finds that Defendant Harris is absolutely immune from damages on plaintiff's first claim for relief.

■ Plaintiff's third claim for relief against Defendant Harris alleges three potential theories of recovery. First, a portion of plaintiff's third claim for relief sounds in abuse of process. Plaintiff alleges that Defendant Harris's participation in the preparation of the second Criminal Complaint constitutes a deprivation of plaintiff's liberty without due process. The actions complained about under this theory of recovery, fall squarely within the *Imbler* standard of initiating a prosecution. Therefore, to the extent that plaintiff's third claim for relief alleges an abuse of process claim against Defendant Harris, the activities of Defendant Harris associated with that claim fall within his quasi-judicial function, and entitles Defendant Harris to absolute immunity from that claim.

■ A second portion of plaintiff's third claim for relief relies upon a theory of malicious prosecution. This portion of the plaintiff's Complaint falls within the initiation and presentation of the state's case against plaintiff and entitles Defendant Harris to absolute immunity for plaintiff's claim of malicious prosecution.

The third theory of recovery plaintiff alleges in his third claim for relief requires the court to more closely scrutinize Defendant Harris's actions in determining which portion of the functional analysis they fall within. This portion of plaintiff's theory of recovery alleges that plaintiff has been deprived of constitutional rights based upon allegedly unconstitutional searches and seizures. A close analysis of plaintiff's theory of recovery reveals that plaintiff's allegations against Defendant Harris concerning this cause of action are two-fold. First, plaintiff appears to allege that Defendant Harris's participation in the drafting and application for a search warrant constituted plaintiff's deprivation, and secondly, plaintiff alleges that wrongful execution of those warrants worked to deprive plaintiff of constitutional rights. Thus, the plaintiff's claims pertaining to the allegedly illegal search and seizure fall somewhere between the quasi-judicial function and the investigative function of the traditional prosecutorial roles.

■ Considering the first portion of plaintiff's claim, that Defendant Harris's actions in the drafting and application for the search warrant constituted a deprivation of plaintiff's rights, the court finds that Defendant Harris's activities under this claim fall within the quasi-judicial function of initiating a prosecution and presenting the state's case. The rationale for the court's finding pertaining to this theory of recovery is that the searches of plaintiff's business premises were conducted subsequent to the filing of a criminal complaint. That complaint constitutes the initiation of a prosecution in Ada County. These facts distinguish this case from a search and seizure prior to the initiation of criminal charges against the defendant, which would more likely fall within the investigative function of the prosecutor. Additionally, the actions complained about by plaintiff under this theory of recovery fall within the quasi-judicial function of the prosecutor since the claim pertains to the

preparation of an application for the search warrants. This portion of the plaintiff's theory of recovery does not pertain to the actual execution of the warrants. Thus, the court finds that Defendant Harris is absolutely immune from plaintiff's third claim for relief to the extent that plaintiff's claim is based upon Defendant Harris's activities in the preparation of and application for the search warrants.

■ The second portion of the plaintiff's theory of recovery regarding the allegedly illegal searches and seizures in his third claim for relief pertains to the allegations that the execution of the search warrants was not lawfully and constitutionally conducted. In *Jacobson v. Rose*, 592 F.2d 515 (9th Cir.1978), *cert. denied*, 442 U.S. 930, 99 S.Ct. 2861, 61 L.Ed.2d 298 (1979), the Court of Appeals for the Ninth Circuit recognized that when a prosecutor commits acts or authoritatively directs the commission of acts which ordinarily are related to police activities as opposed to judicial activities, then the cloak of immunity afforded in *Imbler* should not protect those acts. This guidance suggests to the court that Defendant Harris is not afforded absolute immunity in regard to plaintiff's allegation that he participated in the direction of the allegedly illegal searches and seizures or had a role in their allegedly unlawful execution. However, the analysis of Defendant Harris's liability for damages regarding this alleged theory of recovery does not end with the *Imbler* consideration. The Complaint and record are devoid of any allegation regarding Defendant Harris's personal involvement in either of the searches and seizures, or even that he was personally involved in the direction or supervision of the searches and seizures. Thus, it appears that the plaintiff is attempting to collect damages against Defendant Harris based upon a theory of vicarious liability for the allegedly unconstitutional searches and seizures. In *Mosher v. Saalfeld*, 589 F.2d 438 (9th Cir. 1978), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979), the Court of Appeals for the Ninth Circuit held that in a Section 1983 action, vicarious liability may not be imposed on a state or municipal

official for the acts of lower officials in the absence of a state law imposing such liability. Plaintiff has not alleged the existence of such a statute and a review of the Idaho Code has revealed no such statute. Based upon these standards, and the plaintiff's recognition that these search and seizure operations were conducted by Defendants Burton and Custer, state agents, as opposed to agents under the control and/or direction of Defendant Harris, the court finds that there is no genuine issue of material fact remaining that would impose liability upon Defendant Harris for conduct arising out of the allegedly unconstitutional execution of the searches and seizures. Therefore, Defendant Harris's Motion for Summary Judgment as against all theories of recovery in plaintiff's third claim for relief should be granted.

■ Plaintiff's fourth claim for relief alleges two theories of recovery against Defendant Harris. First, plaintiff's Complaint alleges that Defendant Harris deprived plaintiff of his liberty because Defendant Harris held plaintiff to the standard of care of physicians and surgeons licensed to practice medicine by the State of Idaho during the criminal prosecution relative to the manslaughter charge. It is clear that this theory of recovery falls squarely within the *Imbler* standard associated with Defendant Harris's judicial functions. The application of a standard of care constitutes the prosecutor's application of law during the trial. That portion of Defendant Harris's activities falls clearly within the presentation of the state's case and is intimately associated with the judicial phase of the criminal process. Therefore, Defendant Harris is immune from damages based upon this theory of recovery in plaintiff's fourth claim for relief.

■ Plaintiff's final claim against Defendant Harris in plaintiff's fourth claim of relief alleges that Defendant Harris deprived plaintiff of his equal protection of the laws through selective prosecution of the plaintiff, a naturopath, for involuntary manslaughter while not prosecuting medical

doctors for similar offenses. Plaintiff further alleges that Defendant Harris was involved in the establishment and followed a pattern, plan, policy and program of invidious discrimination pursuant to official policy, law or custom of the State of Idaho and Ada County. Essentially, plaintiff claims that he was singled out for prosecution and thus, plaintiff complains about a prosecutorial decision. The factual predicate for plaintiff's claim against Defendant Harris alleges that Defendant Harris's participation in the invidious discrimination was evidenced by the use of certain evidence in the criminal proceeding. Thus, plaintiff complains about a prosecutorial decision and the use of evidence during the presentation of the state's case. Obviously, the plaintiff's allegations pertaining to Defendant Harris's use of evidence at the trial falls squarely within the absolute immunity recognized in *Imbler*. Additionally, the court finds that the prosecutor's decision to initiate a criminal prosecution falls squarely within the immunity afforded prosecutors under *Imbler*. Additionally, the court finds that prosecutorial decisions of this nature are intimately associated with the judicial phase of the criminal process. Therefore, Defendant Harris is absolutely immune from damages based upon plaintiff's theory of recovery pertaining to selective prosecution and Defendant Harris's participation in the allegedly invidious discrimination.

Therefore, the court finds, as a matter of law, that there are no genuine issues of material fact remaining pertaining to all of plaintiff's claims against Defendant Harris and that Defendant Harris's Motion for Summary Judgment should be granted. Additionally, the analysis below pertaining to plaintiff's claims against Defendant Ada County will reveal that Defendant Harris's Motion for Summary Judgment might also be properly granted upon the basis of collateral estoppel. That discussion below will reveal that there are alternative theories available for the granting of Defendant Harris's Motion for Summary Judgment. Alternative theories of recovery and non-recovery are often available in claims pertaining to 42 U.S.C. § 1983. In this action, the court has chosen to discuss those alternative theories of recovery separately for purposes of clarity, but recognizes the inevitable overlap of those theories and their analysis.

The disposition of the plaintiff's claims against Defendant Harris above on grounds of immunity leaves the court with three of the plaintiff's claims for relief against Defendant Ada County to resolve pursuant to the Motion for Summary Judgment of Defendant Ada County. Plaintiff's Complaint makes the following claims against Defendant Ada County: First, plaintiff claims that Defendant Ada County has deprived plaintiff of private property in violation of the fifth and fourteenth amendments based upon the alleged failure to return property seized from plaintiff's business premises. Second, plaintiff claims that Defendant Ada County has deprived plaintiff of constitutional rights arising from allegedly unconstitutional searches and seizures. Third, plaintiff claims that Defendant Ada County deprived plaintiff of his equal protection of the laws through selective prosecution of the plaintiff alleging that Defendant Ada County has established and followed a pattern, plan, policy and program of invidious discrimination pursuant to official policy, law or custom of Ada County.

Plaintiff's first claim for relief against Defendant Ada County is in the nature of deprivation of seized property and a failure to return that seized property to the plaintiff. Initially, the Supreme Court has recognized that respondeat superior is not a permissible theory for holding a local government body liable for constitutional violations of its employees, *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Additionally, in Paragraph XXVI of his Complaint, plaintiff alleges that, "With said very minor exceptions, all of said items, documents and other property remain, at the time of filing of this Complaint, in the possession and under the control of the Defendants David H. Leroy, Lynn E. Thomas, Judy H. Burton, Neal B. Custer and State of Idaho." Therefore, construing plaintiff's Complaint in the

light most favorable to the plaintiff, plaintiff's Complaint merely alleges potential involvement by unknown employees of Ada County in the searches and seizures and the plaintiff's Complaint does not allege that either Defendant Ada County or employees of Ada County are currently custodians of the property seized during those searches. Additionally, the record before the court lacks any factual allegations that Defendant Ada County has any control or custody over the seized property. Therefore, since the theory of respondeat superior is not legally adequate to attach liability for failure to return the seized property against Defendant Ada County, and since the record does not reflect that Defendant Ada County is a custodian of such property, the court finds that there are no genuine issues of material fact remaining upon which Defendant County of Ada could be found liable under plaintiff's first claim for relief.[1]

Plaintiff's third claim for relief alleges that Defendant Ada County deprived plaintiff of his liberty and property as a result of allegedly unconstitutional searches and seizures. Defendant Ada County has asserted that plaintiff is collaterally estopped from asserting those claims since plaintiff had a full and fair opportunity to litigate the constitutionality of the allegations regarding the searches and seizures in the criminal case in the state court. A review of the plaintiff's Complaint reveals that it is difficult to ascertain the involvement of Defendant Ada County in the search and seizure except to the extent that plaintiff alleges that the deprivations occasioned by the allegedly illegal searches and seizures were undertaken and performed pursuant to official policy, law or custom of the Defendant Ada County.

In *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court held that the decision of a state court on a federal constitutional claim raised in state criminal proceeding is assertable as a collateral estoppel defense to a damage action under 42 U.S.C. § 1983. The Court also recognized that collateral estoppel can be asserted if the plaintiff had a full and fair opportunity to litigate that issue in the earlier case. The recitation of the material facts above reveals that plaintiff did have a full and fair opportunity to litigate the constitutionality of the searches and seizures in the state proceedings. Magistrate Vehlow denied plaintiff's original Motion to Suppress on a number of grounds, including that the affidavits presented sufficient probable cause to issue both search warrants and that the search warrants were constitutional and not unlawfully vague. Additionally, District Judge Newhouse denied the plaintiff's Supplemental Motion to Suppress. Also, the record reflects that those decisions have not been appealed by plaintiff and therefore constitute final decisions of the state court on plaintiff's federal constitutional claims pertaining to the searches and seizures. Therefore, the court finds that the Defendant Ada County properly asserts that plaintiff is collaterally estopped from pursuing his third claim for relief against Defendant Ada County to the extent that that claim for relief is premised upon the theory that plaintiff was deprived of liberty or property as a result of the allegedly unconstitutional and illegal searches and seizures.

Plaintiff's final theory of relief contained in plaintiff's fourth claim for relief alleges that Defendant Ada County deprived plaintiff of his equal protection of the laws through a pattern, plan, policy and program

---

1. Additionally, in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court held that in certain cases alleging property deprivations without due process filed pursuant to 42 U.S.C. § 1983, that adequate post-deprivation remedies were sufficient to satisfy the due process requirement of the fourteenth amendment. Although the parties to this action have not considered the *Parratt* case's application to plaintiff's first claim for relief, the court recognizes that plaintiff's first claim for relief *may* fall within the ambit of the *Parratt* case and that adequate state remedies *may* be available to compensate for plaintiff's alleged deprivations. However, the court's decision to grant Defendant Ada County's Motion for Summary Judgment upon plaintiff's first claim for relief is not based upon the *Parratt* case.

of invidious discrimination pursuant to official policy, law or custom of the State of Idaho and Ada County. Plaintiff alleges that the pattern of invidious discrimination manifested itself in the selective prosecution of the plaintiff, a naturopath, for involuntary manslaughter while the county did not prosecute medical doctors for similar offenses. Thus, plaintiff alleges that he was discriminated against by a policy of selective prosecution.

In *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the Supreme Court recognized that a local government's liability under 42 U.S.C. § 1983 must be based upon an unconstitutional official policy or custom. To determine whether there is a genuine issue of material fact remaining regarding whether Defendant Ada County pursued the alleged pattern of invidious discrimination against naturopaths, the court finds it useful to refer to the case law pertaining to selective prosecution in the Court of Appeals for the Ninth Circuit. An analysis of that law reveals that in order for plaintiff to prevail upon his civil claim sounding in selective prosecution, he must also show that his prosecution was based upon constitutionally impermissible grounds. Therefore, the issue for resolution by the court in this action under *Polk County* and the law of selective prosecution in the Court of Appeals for the Ninth Circuit is whether prosecution of the plaintiff was a manifestation of an unconstitutional policy or custom of Defendant Ada County.

In *United States v. Wilson,* 639 F.2d 500 (9th Cir.1981), the Court of Appeals for the Ninth Circuit held that in a criminal action, the burden is squarely upon the defendant to prove a selective prosecution. Plaintiff in this civil rights action, criminal defendant below, shares that burden of proving that his prosecution was selective and a product of an unconstitutional policy or custom of Defendant Ada County. Based upon *United States v. Wilson, id.,* and the procedural posture of this case, the court must determine whether there are genuine issues of material fact

remaining whether plaintiff can satisfy two requirements: (1) that others are generally not prosecuted for the same conduct that plaintiff was prosecuted for; and (2) that the decision to prosecute this plaintiff was based upon impermissible grounds, such as race, religion, or the exercise of constitutional rights. Defendant Ada County has asserted that plaintiff is unable to satisfy the second portion of that test, as a matter of law, because plaintiff is collaterally estopped from asserting that the decision to prosecute plaintiff was based upon plaintiff's exercise of constitutional rights.

In *State v. Maxfield,* 98 Idaho 356, 564 P.2d 968 (1977), the Idaho Supreme Court recognized that the right to follow a recognized occupation is a right protected by constitutional guarantees of liberty, and that plaintiff's calling to that occupation may not be prohibited unless it is inherently injurious to public health, safety, or morals, or unless it has a tendency in that direction. However, the Idaho Supreme Court also recognized that, "if it can be shown that the practices which a naturopath uses are proscribed in Idaho Code § 54–1802 to anyone who is not a physician or surgeon, then that naturopath is in direct violation of the provisions of the statute unless he holds a license pursuant to the physician licensure statute," at 98 Idaho 358. Plaintiff was convicted in state court pursuant to Idaho Code § 18–4006(2). That statute provides in pertinent part that:

> Manslaughter is the unlawful killing of a human being, without malice. It is of two kinds: ...
>
> 2. Involuntary—in the perpetration of or attempt to perpetrate any *unlawful act,* other than arson, rape, robbery, kidnapping, burglary, or mayhem; ... (emphasis added)

The modern predecessor to Idaho Code § 54–1802 is Idaho Code § 54–1804. Plaintiff was convicted of a violation of Idaho Code § 54–1804(2). Thus, plaintiff's conviction for involuntary manslaughter found its basis upon the unlawful act of practicing medicine without a license. Plaintiff's allegations pertaining to his fourth claim for

relief regarding a deprivation based upon an invidious discrimination, is premised upon plaintiff's assertion that plaintiff was exercising a constitutionally protected right to practice naturopathy, with or without obtaining a license. However, it is clear that the Idaho Supreme Court held in *State v. Maxfield, id.,* that naturopaths do not have a constitutionally protected right to practice medicine without obtaining a license. Therefore, that decision collaterally estops plaintiff from asserting that he was prosecuted due to his exercise of a constitutionally protected right to practice medicine without obtaining a license.

Thus, the decision in *State v. Maxfield, id.,* reveals that plaintiff is unable to satisfy the second portion of the selective prosecution test, as a matter of law. There are no genuine issues of material fact remaining that would support plaintiff's assertion that he was prosecuted upon impermissible grounds, i.e., the exercise of a constitutional right. Thus, plaintiff's fourth claim for relief against Defendant Ada County alleging that the discriminatory policy or custom of Ada County manifested itself in plaintiff's selective prosecution does not withstand Defendant Ada County's Motion for Summary Judgment.

Therefore, there are no genuine issues of material fact remaining that would enable the plaintiff to recover against Defendant Ada County on any of plaintiff's claims for relief against Defendant Ada County. As mentioned above, the analysis employed on the issue of collateral estoppel pertaining to plaintiff's third and fourth claim for relief would likewise apply to Defendant Harris had the court not found that Defendant Harris was immune or entitled to summary judgment on those same claims for relief.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion for Summary Judgment of Defendants Harris and Ada County is GRANTED.