Steve TANNER, Plaintiff,

v.

Debra A. HEISE, individually and as Magistrate Judge, 1st Judicial District; Peter B. Wilson, individually and as Prosecutor for the City of Bonners Ferry; Garth Tenney, individually and as a Deputy of the Boundary County Sheriff's Department; David Kramer, individually and as Bonners Ferry Assistant Police Chief; Harry Shearer, individually and as an employee of the Boundary County Sheriff's Department; Dan Navaro, individually and as an employee of the Boundary County Sheriff's Department; Jake Nagley, individually and as a Bonners Ferry City Police Officer; Don Hamilton, individually and as the Chief of Police for the City of Bonners Ferry; Ron Smith, individually and as Sheriff of Boundary County; City of Bonners Ferry; County of Boundary; First Judicial District other Unknown and Unnamed Defendants, Defendants.

Civ. No. 86–3100.

United States District Court, D. Idaho.

Nov. 4, 1987.

Steve A. Tanner, pro se.

Michael K. Branstetter, Hull, Hull & Branstetter, Chartered, Wallace, Idaho, for defendants Boundary County, Ron Smith, Dan Navaro, Harry Shearer and Garth Tenney.

Jim Jones, Atty. Gen., State of Idaho, Daniel G. Chadwick, Deputy Atty. Gen., Boise, Idaho, for defendant Debra A. Heise.

Scott W. Reed, Coeur d'Alene, Idaho, Peter B. Wilson, Bonners Ferry, Idaho, for

defendants Kramer, Nagley, Hamilton, Wilson and City of Bonners Ferry.

## MEMORANDUM OPINION
## AND ORDER

RYAN, District Judge.

## I. INTRODUCTION

The plaintiff, Steve Tanner, brings this Section 1983 action against various law enforcement officials from the City of Bonners Ferry and Boundary County in Idaho. Plaintiff has also sued First Judicial District Magistrate Debra Heise and Bonners Ferry City Prosecutor Peter Wilson. All defendants have moved for dismissal of plaintiff's complaint. A hearing on the motions was conducted by the court on October 13, 1987.

## II. FACTUAL BACKGROUND

Plaintiff adheres to a religious doctrine in which he professes to renounce all laws of the United States and the State of Idaho. On February 21, 1986, plaintiff was stopped by Defendants Jake Nagley and David Kramer, both Bonners Ferry City Police Officers for driving with a burned-out taillight. When defendants requested presentation of plaintiff's driver's license, plaintiff informed the defendants that as an "ambassador for the Kingdom of God," he had no obligation to comply with the State of Idaho motor vehicle regulations. Plaintiff was then given a traffic ticket for operating a motor vehicle without a driver's license and was informed that he would be arrested if he continued to drive without his license.

About forty minutes later, after plaintiff had repaired his taillight at a service station, he was again stopped—this time by Defendant Garth Tenney, a deputy for the Boundary County Sheriff's Department. Defendants Kramer and Nagley arrived at the scene shortly thereafter and plaintiff was ultimately arrested by Defendant Ten-

ney for operating a motor vehicle without a driver's license. Plaintiff was handcuffed and taken into the Boundary County Jail at 6:49 p.m. He was photographed and fingerprinted and at 7:00 p.m. was released.

On July 27, 1986, while plaintiff was at the Boundary County Jail to visit a prisoner, he was presented with a bench warrant for his arrest for failing to comply with the terms of the judgment of conviction in *State v. Tanner*, No. M–8661 (Idaho Dist. Ct., 1st Judicial Dist., Mag.Div., May 22, 1986), by having failed to pay a fine of $350.50 and by failing to obtain a valid driver's license. Plaintiff was arrested and released that same day.

Plaintiff now seeks damages against the various city and county officers who were involved in the arrest incidents of February and July of 1986 based upon violation of his fourth and fifth amendment rights. Plaintiff also seeks damages against Defendants Heise and Wilson for the alleged violation of his fifth amendment due process rights in submitting the bench warrant for his arrest.

Claim is also brought against Ron Smith, Sheriff of Boundary County; Don Hamilton, Chief of Police for the City of Bonners Ferry; as well as the City of Bonners Ferry and Boundary County based upon the formation of a policy and practice which allegedly violates Title 49 of the Idaho Code as it relates to arresting individuals for traffic violations. Plaintiff also seeks injunctive and declaratory relief preventing defendants from violating his right to practice his religious beliefs.

## III. ANALYSIS

### A. *Damage Claims against Defendants Heise and Wilson*

The damage claims brought by plaintiff against Magistrate Heise and Prosecutor Wilson are appropriately dismissed under the doctrines of judicial and prosecutorial immunity.

The United States Supreme Court has long recognized the defense of absolute immunity for "officials whose special functions or constitutional status requires com-

plete protection from suit." *Harlow v. Fitzgerald,* 457 U.S. 800, 807, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982). Judges are liable for suit only when they act in "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978). Their actions are absolutely immune even when such action is erroneous, malicious, or in excess of judicial authority. *Id.* at 356–57, 98 S.Ct. at 1104–05.

■ The complaint in this case contains no allegations that Judge Heise was not performing judicial functions or that she was acting in the absence of jurisdiction. Indeed, the facts demonstrate that Judge Heise was acting well within her judicial authority. Based upon the motion and affidavit of Prosecutor Peter Wilson, Judge Heise entered a bench warrant for the arrest of the plaintiff. This was done only after proof that plaintiff had failed to comply with the terms of the judgment of conviction in case No. M–8661 by having failed to pay a fine of $315.50 and by failing to obtain a valid driver's license.

Plaintiff asserts that Magistrate Heise acted outside the scope of her jurisdiction because she issued a bench warrant based upon the failure to comply with the terms of a judgment which had previously been dismissed by the judge. This same argument was presented on an appeal in case No. M–8661 and rejected by District Judge Dar Cogswell. In the Memorandum Decision on Appeal, Judge Cogswell noted that case No. M–8661 was never dismissed and in fact, the defendant fully participated in a jury trial in that case and made no objections to the magistrate during the trial that he believed the case had been dismissed. It appears, rather, that when the case of *State v. Tanner,* No. M–8662 (Idaho Dist. Ct., 1st Judicial Dist., Mag.Div., May 22, 1986), was dismissed against defendant, it was accidentally designated as case No. M–8661.[1] The court accepts the findings made by Judge Cogswell.

■ It is also well recognized that a prosecutor when acting in a judicial or qua-

si-judicial capacity is entitled to absolute immunity. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). A prosecutor is immune from a civil suit for damages under Section 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995; *Maxfield v. Thomas,* 557 F.Supp. 1123, 1128 (D.Idaho 1983). Where, as in this case, the prosecutor is sued for instituting a prosecution against the plaintiff for contempt of a court judgment, the prosecutor is absolutely immune from suit.

### B. *Claims Against Arresting Officers*

The court likewise concludes that the various Bonners Ferry and Boundary County police officers involved in the arrest and detention of plaintiff did not violate any of plaintiff's constitutional rights. The facts demonstrate, rather, that the defendants fully complied with the terms and provisions of constitutionally valid state statutes.

It is a misdemeanor violation in Idaho to drive a vehicle without a valid driver's license. Idaho Code § 49–1104. Pursuant to Idaho Code § 49–1111 (1980 & Supp. 1987), an officer has the option of taking a person before a magistrate, rather than giving him a traffic citation, "[w]hen the person does not furnish satisfactory evidence of identity or when the officer has reasonable and probable grounds to believe the person will disregard a written promise to appear in court." Pursuant to Idaho Code § 49–1116 (1980 & Supp.1987), whenever a person is taken into custody by an officer for the purpose of taking him before a magistrate, and a magistrate is not available, the person must be released from custody.

■ It is clear from the facts presented that when Defendant Tenney arrested plaintiff on February 21, 1986, the officer had reasonable grounds to believe that plaintiff would disregard a written promise to appear in court. That same evening, plaintiff had informed Officers Kramer and

---

1. Case Nos. M–8661 and –8662 were consolidated for trial purposes. Because the arresting officer did not appear in case No. M–8662, it was summarily dismissed by the magistrate.

Nagley, who were also at the scene of plaintiff's arrest, that he had no intent to obey the motor vehicle laws of the State of Idaho. Plaintiff made those intentions quite clear by continuing to drive after he was warned by Officers Kramer and Nagley not to continue driving his vehicle.

■ Since plaintiff was not taken before a magistrate after his arrest, it was proper, and required by Idaho Code § 49–1116, for plaintiff to be released from custody, which he was after only eleven minutes. In short, the court finds that the defendants who were involved in the arrest of plaintiff on February 21, 1986, were in compliance with established state statutes which furthered legitimate government objectives of public safety and order.[1]

## C. "Monell" Claims

In the landmark decision of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that municipalities, as well as municipal officials sued in their official capacity, could be subject to liability under Section 1983 when their policies subjected an individual to the deprivation of any right under the Constitution. In a subsequent opinion, the Court made it clear that a single incident of unconstitutional activity was not sufficient to impose liability under *Monell* unless proof of that single incident includes proof that it was caused by an underlying unconstitutional policy. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

■ In this case, plaintiff alleges that Don Hamilton and Dave Kramer, in their official capacities, as well as the City of Bonners Ferry and County of Boundary, have adopted a policy in which local law enforcement officials are instructed to ar-rest individuals for traffic violations rather than simply issuing a citation, in violation of Title 49 of the Idaho Code.

In support of the above claim, plaintiff directs the court to the single incident occurring on February 21, 1986. However, the actions taken by the defendants during this incident were in total conformity with Title 49. Even if the court were to find that the actions of February 21, 1986, were not in conformity with Title 49, and in violation of a constitutional right, the single incident is clearly insufficient to demonstrate an established policy of arrests for misdemeanor traffic offenses.

## D. *Claim for Declaratory Relief*

■ Finally, plaintiff seeks declaratory relief from this court. Specifically, plaintiff requests the court to declare that defendants have a duty to recognize and secure plaintiff's freedom to practice his unique religious belief without fear of arrest or citation for violating Idaho's traffic laws. The sincerity in which plaintiff adheres to his religious convictions is not questioned. However, no matter how sincere plaintiff's convictions may be, the court must go forward with its commitment to uphold the laws of the United States. In this country, the practice of religious beliefs is subject to important governmental interests. Pursuant to its police power, the State may regulate the operation of motor vehicles for the safety and order of the general public. *See Adams v. City of Pocatello*, 91 Idaho 99, 416 P.2d 46 (1966); *Gordon v. State*, 108 Idaho 178, 697 P.2d 1192 (Ct.App.1985). The motor vehicle laws to which plaintiff objects are "constitutional exercises of the state's police power and reasonably further the legislative objective of public safety and order." *Bissett v. State of Idaho*, 111

---

1. The court notes that plaintiff's claim against Jailer Harry Schearer, based upon the alleged violation of plaintiff's constitutional rights in having his fingerprints and photograph taken during booking is likewise without merit. In the case of *Shaw v. Boise City*, Civil No. 84–1088 (D.Idaho Sept. 12, 1985), this court held that county booking procedures were not unconstitutional, but rather, were necessary to the effec-tive management and administration of a detention facility. There is likewise no merit to plaintiff's claims against Defendants Kramer and Navaro. The facts show that these individuals merely served a valid bench warrant upon plaintiff based upon his clear violation of the terms of his judgment of conviction in case No. M–8661.

Idaho 865, 727 P.2d 1293 (Ct.App.1986). This is the law the court must apply. When plaintiff's religious beliefs conflict with legitimate government objectives, the government's will must prevail.

This opinion is best summarized by quoting from the words of Idaho Court of Appeals Judge Donald Burnett in the opinion of *Gregersen v. Blume,* 113 Idaho 220, 743 P.2d 88 (Ct.App.1987), in which he stated the following:

> Through the Constitution, the American people have struck a balance between order and liberty. As our Court has observed: "Individuals must sacrifice a part of their 'liberty' in order to empower a government to regulate through passage and enforcement of laws necessary for the general public welfare." ... All of us bear this sacrifice. "Citizens may not choose to receive the benefits of a civilized society without sharing the burdens." ... Theodore Roosevelt made the point directly when he said, "No man is above the law and no man is below, nor do we ask any man's permission when we require him to obey it."

*Id.* at ——, 743 P.2d at 90 (citations omitted).

### IV.   ORDER

Based upon the foregoing analysis and the court being fully advised in the premises,

IT IS HEREBY ORDERED that plaintiff's complaint as to all defendants should be, and is hereby, DISMISSED on the merits with prejudice. Judgment will enter accordingly.