416 P.2d 46

**Leon J. ADAMS, Plaintiff-Respondent,**
**v.**
**CITY OF POCATELLO, Defendant-**
**Appellant.**
**No. 9754.**

Supreme Court of Idaho.
June 24, 1966.

100

Allan G. Shepard, Atty. Gen., and Weldon S. Wood, Asst. Atty. Gen., Boise, and Gerald W. Olson, City Atty., and Vern E. Herzog, Jr., Asst. City Atty., Pocatello, for appellant.

Edith Anderson, Pocatello, for respondent.

Martin, Chapman & Martin, Boise, amicus curiae American Mut. Ins. Alliance.

Clemons, Skiles & Green, Boise, amicus curiae National Ass'n of Independent Insurers.

Hawley, Troxell, Ennis & Hawley, Boise, amicus curiae American Ins. Ass'n.

Homer E. Martin, Boise, Charles C. Collins and Cornelius R. Gray, Washington, D. C., and Joseph H. Braun, Hugh Neill Johnson and Robert G. Corbett, Chicago, Ill., amici curiae American Automobile Ass'n, Inc., and Idaho Automobile Ass'n, Inc.

TAYLOR, Justice.

February 9, 1963, an automobile driven by plaintiff (respondent) was involved in a collision with an automobile driven by one Eggan. Both cars were substantially damaged. At the time plaintiff was without liability insurance. Based upon a report made by the investigating officer to the state Department of Law Enforcement, pursuant to I.C. § 49–1007, the Commissioner

of Law Enforcement determined, pursuant to I.C. §§ 49–1504 and 49–1505,[1] that plaintiff should deposit security in the sum of $400.00, sufficient in the judgment of the commissioner, to satisfy any judgment which might be recovered against him, for damages resulting from the accident. Notice of this determination was given to plaintiff under date of March 1, 1963. Idaho Code § 49–1502 provides that any person aggrieved by an order or act of the commissioner may, within ten days after notice thereof, file a petition in the district court for Ada county for a review thereof. Plaintiff did not file such petition, nor did he deposit the security demanded. Thereafter, on April 15, 1963, plaintiff's driver's license was suspended, as required by I.C. § 49–1505(b).

Subsequent to the suspension of his driver's license plaintiff was arrested on three occasions for driving without a license, or while his license was suspended. On the third occasion a misdemeanor complaint was filed, and plaintiff was arrested and confined in the Pocatello city jail. Upon his petition a writ of habeas corpus was issued by the district court, and a hearing was had upon return thereof.

The court found that plaintiff was unlawfully detained and ordered him discharged. The defendant brought this appeal from the order.

The district court's order was based upon a determination that plaintiff's constitutional rights had been violated in that he had been deprived of his right to drive an automobile upon the public streets, (1) without a hearing or determination made as to whether he was at fault in the original accident, and (2) without a hearing or determination as to whether such right should be taken from him. The order in effect held unconstitutional the applicable provisions of the Motor Vehicle Safety Responsibility Act, on the grounds that such provisions authorized denial of due process and equal protection of the law.

The right to operate a motor vehicle upon the public streets and highways is not a mere privilege. It is a right or liberty, the enjoyment of which is protected by the guarantees of the federal and state constitutions. Arrow Transportation Co. v. Idaho Public Utilities Com'n, 85 Idaho 307, 379 P.2d 422 (1963); State v. Kouni, 58 Idaho 493, 76 P.2d 917 (1938); Packard v. O'Neil, 45 Idaho 427, 262 P. 881, 56 A.L.R. 317 (1927); Abrams v. Jones, 35 Idaho 532, 207 P. 724 (1922); Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136 (1963); People v. Nothaus, 147 Colo. 210, 363 P.2d 180 (1960); Escobedo v. State Dept. of Motor Vehicles, 35 Cal.2d 870, 222 P.2d 1 (1950); Hadden v. Aitken, 156 Neb. 215, 55 N.W.2d 620, 35 A.L.R.2d 1003 (1952); Doyle v. Kahl, 242 Iowa 153, 46 N.W.2d 52 (1951); Ballow v. Reeves, 238 S.W.2d 141 (Ky.1951); Berberian v. Lussier, 87 R.I. 226, 139 A.2d 869 (1958); Wall v. King, 206 F.2d 878 (1st Cir. 1953).

The right of a citizen to operate a motor vehicle upon the public streets and highways, is subject to reasonable regulation by the state in the exercise of its police power. Packard v. O'Neil, supra; Yellow Cab Taxi Service v. City of Twin Falls, 68 Idaho 145, 190 P.2d 681 (1948); Schecter v. Killingsworth, supra; Escobedo v. State Dept. of Motor Vehicles, supra; Hadden v. Aitken, supra; Berberian v. Lussier, supra; Wall v. King, supra.

The purpose of the safety responsibility act is to protect the public using the highways against hardship which may result from use of automobiles by financially irresponsible persons. This is a public purpose within the police power of the state, and the provisions complained of reasonably tend to accomplish that purpose. Farmer's Insurance Exchange v. Wendler, 84 Idaho 114, 119, 368 P.2d 933 (1962); Escobedo v. State Dept. of Motor Vehicles, 35 Cal.2d 870, 222 P.2d 1, 5 (1950); Sullins v. Butler, 175 Tenn. 468, 135 S.W.2d 930, 932 (1940); Cohen v. Metropolitan Cas. Ins. Co., 233 App.Div. 340, 252 N.Y.S. 841 (1931). See

1. Motor Vehicle Safety Responsibility Act.

also, Rowe v. City of Pocatello, 70 Idaho 343, 218 P.2d 695 (1950); State v. Finney, 65 Idaho 630, 150 P.2d 130 (1944).

"It is well recognized that the social objective of preventing financial hardship and possible reliance upon the welfare agencies of the state is a permissible goal of police power action. Home Accident Ins. Co. v. Industrial Commission, 34 Ariz. 201, 269 P. 501 (1928); Berberian v. Lussier [87 R.I. 226, 139 A.2d 869 (1958)]; Hadden v. Aitken, [156 Neb. 215, 55 N.W.2d 620, 35 A.L.R.2d 1003 (1952)]; Rosenblum v. Griffin, [89 N.H. 314, 197 A. 701, 115 A.L.R. 1367 (1938)]." Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136, 141 (1963).

■ Suspension of a driver's license by the Commissioner of Law Enforcement for failure to deposit the sum required as security for the satisfaction of any judgment for damages resulting from an accident, which may be recovered against such driver, without a prior hearing, does not deny to such driver due process of law as guaranteed by the state and federal constitutions,[2] where the law authorizing such suspension provides for a judicial review of the action of the commissioner. Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136 (1963); Escobedo v. State Dept. of Motor Vehicles, 35 Cal.2d 870, 222 P.2d 1 (1950); Hadden v. Aitken, 156 Neb. 215, 55 N.W.2d 620, 35 A.L.R.2d 1003 (1952).

Similar statutory provisions, requiring deposit of security following an accident, have been upheld in other jurisdictions where challenged on constitutional grounds: Montgomery v. Blazek, 161 Neb. 349, 73 N.W.2d 402 (1955); State v. Stehlek, 262 Wis. 642, 56 N.W.2d 514 (1953); Surtman v. Secretary of State, 309 Mich. 270, 15 N. W.2d 471 (1944); Franklin v. Scurlock, 224 Ark. 168, 272 S.W.2d 62 (1954); Gillaspie v. Dept. of Public Safety, 152 Tex. 459, 259 S.W.2d 177 (1953); Larson v. Warren (Fla.1961), 132 So.2d 177, appeal dismissed 369 U.S. 427, 82 S.Ct. 879, 8 L.Ed.

2d 7, reh. den. 370 U.S. 920, 82 S.Ct. 1559, 8 L.Ed.2d 500; Sharp v. Dept of Public Safety (La.1959) 114 So.2d 121; Rosenblum v. Griffin, 89 N.H. 314, 197 A. 701, 115 A.L.R. 1367 (1938); Heart v. Fletcher, 184 Misc. 659, 53 N.Y.S.2d 369 (1945); Ohlson v. Mealey, 179 Misc. 13, 37 N.Y.S.2d 123 (1942).

Our attention has been called to only one decision contrary to the ruling announced in the foregoing cases; and that is, People v. Nothaus, 147 Colo. 210, 363 P.2d 180 (1961). The Colorado court based its ruling on the absence of notice and an opportunity to be heard.

State v. Kouni, 58 Idaho 493, 76 P.2d 917 (1938), is not controlling here. That case dealt with a law which specifically authorized the suspension, without a preliminary hearing, upon a showing of specified facts. Here the law involved provides:

"Any person aggrieved by an order or an act of the commissioner, may, within 10 days after notice thereof, file a petition in the district court for Ada County for a review thereof; but the filing of such petition shall not suspend the order or act unless a stay thereof shall be allowed by a judge of said court pending final determination of the review. The court shall summarily hear the petition and may make any appropriate order or decree." I.C. § 49–1502(b).

This statute not only provides notice of, and an opportunity for judicial review of the action of the commissioner, it further provides that the review may be had prior to the order of suspension, in the discretion of the district judge. Plaintiff did not seek either a review or stay of the suspension.

■ Due process of law does not require a hearing before administrative action is taken in pursuance of the police power of the state, where a compelling public interest requires such procedure. The number of accidents in this state in which the financial responsibility of drivers comes in ques-

---

**2.** U.S.Const. amend. XIV, § 1; Idaho Const., art. 1, §§ 1 and 13.

tion is so great as to indicate that to require a preliminary hearing in all cases, would so burden the administrative agency and the courts as to effectively impede the operation of the law and defeat the legislative purpose. Escobedo v. State Dept. of Motor Vehicles, supra.

"The legislature may, where a *compelling public interest* justifies the action, provide for summary action subject to later judicial review of the validity thereof. Yakus v. United States, 321 U.S. 414, at page 442, 64 S.Ct. 660, at page 675, 88 L. Ed. 834 [1943]; Escobedo v. State Department of Motor Vehicles, 35 Cal.2d 870, 222 P.2d 1. It is our opinion that the provisions of G.L. 1956, § 31–31–6, providing for a judicial review of the action of the registry meet the test set out in the Yakus case. The compelling public interest exists in the necessity of alleviating the financial hardship that results to some users of the highway by reason of the financial irresponsibility of other users thereof." Berberian v. Lussier, 87 R.I. 226, 139 A.2d 869, at 873 (1958).

"The incidental hardship upon an individual motorist, in having his license suspended pending investigation and review must be borne in deference to the greater public interest served by the statutory restriction. It is well-settled that the concept of due process of law does not necessarily require the granting of a hearing prior to the taking of official action in the exercise of the police power. North American Cold Storage Co. v. City of Chicago, 1908, 211 U.S. 306, 29 S.Ct. 101, 53 L.Ed. 195. In Yakus v. United States, 1944, 321 U.S. 414, 442, 64 S.Ct. 660, 676, 88 L.Ed. 834, numerous other cases are cited in support of the proposition 'that when justified by compelling public interest the legislature may authorize summary action subject to later judicial review of its validity.'" Wall v. King (1st Cir. 1953) 206 F.2d 878, at 883–884.

■ Plaintiff contends that the act denies equal protection of the law, because it discriminates, (a) against uninsured drivers; (b) against those uninsured drivers who have been in accidents as opposed to those who have not; and (c) against those uninsured drivers who are unable to pay the required security as opposed to those who can. To accomplish its purpose of protecting motorists upon the highways against irresponsible drivers, the legislature has classified drivers into categories mentioned by plaintiff. The act is not discriminatory. The classifications are based upon reasonable grounds of difference between the individuals composing each, and all falling within the same classification are treated alike. Diefendorf v. Gallet, 51 Idaho 619, 10 P.2d 307 (1932); Sanders v. Ray, 67 Idaho 200, 174 P.2d 836 (1946); Schrey v. Allison Steel Mfg. Co., 75 Ariz. 282, 255 P.2d 604 (1953); Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136 (1963); Valley Nat'l Bank v. Glover, 62 Ariz. 538, 159 P.2d 292 (1945). Also see Berberian v. Lussier, 87 R.I. 226, 139 A.2d 869 (1958); Doyle v. Kahl, 242 Iowa 153, 46 N.W.2d 52 (1951); Rosenblum v. Griffin, 89 N.H. 314, 197 A. 701, 115 A.L.R. 1367 (1938); Hadden v. Aitken, 156 Neb. 215, 55 N.W.2d 620, 35 A.L.R.2d 1003 (1952).

"Equal protection in its guarantee of like treatment to all similarly situated permits classification which is reasonable and not arbitrary and which is based upon substantial differences having a reasonable relation to the objects or persons dealt with and to the public purposes sought to be achieved by the legislation involved." Berberian v. Lussier 87 R.I. 226, 139 A.2d 869, at 873 (1958).

"Financial responsibility laws such as this do not unconstitutionally discriminate against the poor. (See Watson v. Division of Motor Vehicles (1931), 212 Cal. 279, 284, 298 P. 481; Rosenblum v. Griffin (1938), 89 N.H. 314, 319, 197 A. 701, 115 A.L.R. 1367.) Those damaged by the negligence of indigent drivers may be indigent also, and as little able as the drivers to bear the cost of such negli-

gence. The fallacy of the argument that the law favored the rich over the poor 'lies in the failure to distinguish between equality of opportunity and ability to take advantage of the opportunity which is offered to all. The equality of the Constitution is the equality of right, and not of enjoyment.' " Escobedo v. State Department of Motor Vehicles, 35 Cal.2d 870, 222 P.2d 1, 6 (1950).

See also Doyle v. Kahl, supra, and Rosenblum v. Griffin, supra.

Plaintiff also contends that the mandatory direction by the legislature that the "commissioner shall suspend the license" upon ascertaining the existence of the specified conditions, is an invasion of the executive branch of the government by the legislature. On the contrary, it is the legislative function to prescribe police regulations governing the conduct of citizens, and the penalties to be enforced by the executive branch for a violation thereof. The act does not authorize arbitrary action by the commissioner. His duties, and the limitations placed upon his discretionary powers, are specified with sufficient particularity to prevent arbitrary action. Moreover, should abuse of authority occur the aggrieved has a remedy by judicial proceedings.

The authority given the commissioner to fix the amount of the security deposit to be made, is not an unconstitutional delegation of judicial power. The amount is only required to be an estimate, and is based upon reports required to be made by investigating officers and drivers involved in accidents. It is an administrative determination intended as a means of applying the legislative will to the facts found. It is subject to judicial review, and therefore lacks judicial finality. Neither is it a determination of fault or negligence on the part of the driver required to make the deposit. The commissioner determines only a possibility of liability. In this case the order of the commissioner, which was served on plaintiff, specifically provided:

"This action by the Commissioner, in accordance with authority granted by Section 49–1505, is mandatory and does not in any way determine the negligence or due care of any person involved in the accident as a result of which said action is taken."

We find no unconstitutional delegation of judicial power. Schecter v. Killingsworth, supra, 380 P.2d at 144; Berberian v. Lussier, supra, 139 A.2d at 874; Hadden v. Aitken, 156 Neb. 215, 55 N.W.2d 620, 35 A.L.R.2d 1003, 1009 (1952) and cases cited therein. Cf. Twin Falls Canal Co. v. Huff, 58 Idaho 587, 76 P.2d 923 (1938); State v. Troutman, 50 Idaho 673, 299 P. 688 (1931); Boise City Irrigation and Land Co. v. Stewart, 10 Idaho 38, 77 P. 25, 321 (1904); People ex rel. Rice v. Wilson Oil Co., 364 Ill. 406, 4 N.E.2d 847, 107 A.L.R. 1500 (1936). See also, State v. Concrete Processors, Inc., 85 Idaho 277, 282, 379 P.2d 89 (1963); Foster v. Walus, 81 Idaho 452, 458, 347 P.2d 120 (1959); Bohemian Breweries v. Koehler, 80 Idaho 438, 446, 332 P.2d 875 (1958); State v. Finch, 79 Idaho 275, 280, 315 P.2d 529 (1957); Electors of Big Butte Area v. State Board of Ed., 78 Idaho 602, 611, 308 P.2d 225 (1957).

Judgment reversed and cause remanded.

McFADDEN, C. J., and McQUADE, SMITH and SPEAR, JJ., concur.