697 P.2df 1192

**George K. GORDON, Plaintiff-Appellant,**

v.

**STATE of Idaho, Defendant-Respondent.**

**STATE of Idaho, Plaintiff-Respondent,**

v.

**George GORDON, Defendant-Appellant.**

**Nos. 15092, 15197.**

Court of Appeals of Idaho.

March 20, 1985.
Review Denied May 29, 1985.

George Gordon, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., D. Marc Haws, Deputy Atty. Gen., Boise, for defendant-respondent.

PER CURIAM.

These consolidated appeals present identical issues. Case number 15197 is an appeal from Gordon's convictions of failure to produce a vehicle registration, I.C. § 49–112, and of failure to exhibit proof of liability insurance, I.C. § 49–245. Case number 15092 is an appeal from the district court's denial of Gordon's request for declaratory relief. In both appeals Gordon argues that state laws requiring a vehicle operator to be licensed, to register his vehicle, and to carry insurance coverage are unconstitutional as applied to him. We affirm the judgments of conviction and the order denying declaratory relief.

Gordon was cited several times during 1981–83 for driving without a license, for operating an unregistered vehicle, and for failing to carry proof of vehicle liability insurance. Following a jury trial in February, 1983, Gordon was convicted of failing to produce a vehicle registration and of failing to exhibit proof of insurance. He was sentenced to thirty-five days in jail and fined $200 on the two convictions; the fines were suspended. On April 13, 1983, Gordon appealed to the district court, which affirmed the convictions on August 8. Gordon filed a petition for declaratory relief on May 28, 1983, seeking an injunction to prevent further citation by police authorities and a declaration of his rights as a "freeman." The district court in all respects denied relief to Gordon on his petition.

Gordon argues that the license, registration and insurance requirements impermissibly impede his constitutional right to travel and that other constitutional rights are infringed when these requirements are applied to an individual who owes nothing on his vehicle and who is not using the vehicle for commercial purposes. We are not persuaded.

■ It is well settled that the United States Constitution protects an individual's right to travel, although it is not always clear which constitutional provision affords the protection. *See Califano v. Aznavorian*, 439 U.S. 170, 99 S.Ct. 471, 58 L.Ed.2d 435 (1978); *Kent v. Dulles*, 357 U.S. 116, 78 S.Ct. 1113, 2 L.Ed.2d 1204 (1958); *Crandall v. Nevada*, 6 Wall. 35, 18 L.Ed. 744 (1858). The Idaho Supreme Court has held that a particular mode of transportation—the operation of a motor vehicle upon public streets and highways—is also a right protected by the federal and state constitutions. *Adams v. City of Pocatello*, 91 Idaho 99, 416 P.2d 46 (1966). Other jurisdictions considering the issue have declared the right to travel on public highways to be a privilege, not a constitutional right. E.g., *Standish v. Department of Revenue, M.V.D.*, 235 Kan. 900, 683 P.2d 1276 (1984); *Crocker v. Colorado Department of Revenue*, 652 P.2d 1067 (Colo.1982). Whether it is termed a right or a privilege, an individual's ability to travel on public highways is "subject to reasonable regulation by the state in the exercise of its police power." *Adams v. City of Pocatello*, 91 Idaho at 101, 416 P.2d at 48. *See Noe v. Dolan*, 197 Colo. 32, 589 P.2d 483 (1979); *Popp v. Motor Vehicle Department*, 211 Kan. 763, 508 P.2d 991 (1973).

■ The Idaho Motor Vehicle Safety Responsibility Act (MVSRA), I.C. § 49–1501 to –1540, requires vehicle operators to insure their vehicles "to protect the public using highways against hardship which may result from use of automobiles by financially irresponsible persons." *Adams v. City of Pocatello*, 91 Idaho at 101, 416 P.2d at 48. We have already determined the insurance requirement of the MVSRA to be a permissible exercise of the state's police power. *State v. Reed*, 107 Idaho 62, 686 P.2d 842 (Ct.App.1984). Gordon argues not that his conviction for failing to exhibit proof of insurance is unconstitutional, but that requiring him to insure his

automobile is unconstitutional. This issue was settled in *Reed*.

■ We believe that driver's license and vehicle registration requirements also constitute a legitimate exercise of the state's police power. *See Hendrick v. State of Maryland,* 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385 (1915) (a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles and, to that end, it may require the registration of vehicles and the licensing of drivers). Licensing drivers is a means of determining that vehicle operators have acquired a minimal standard of competence. Requiring driver competence is a public purpose within the police power of the state, and the licensing procedure is a reasonable attempt to accomplish that purpose. The vehicle registration requirement also reasonably furthers protection of public health, safety and welfare and, as such, is a proper exercise of the state's police power. *Id.; Pawnee County Excise Board v. Kurn,* 187 Okl. 110, 101 P.2d 614 (1940).

■ As previously noted, Gordon does not contend the license, registration and insurance requirements are unconstitutional in all circumstances. Gordon believes the state should issue, without charge to him, a "certificate of competence" instead of a driver's license; that the state should also issue to him license plates free of charge; and that he is not responsible for insuring against loss that might result from his accidents. Gordon is constitutionally entitled to this special status, he argues, because he owes nothing on his vehicle and he is not engaged in commercial travel. He principally relies upon quotations from *Hale v. Henkel,* 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906) and *Thompson v. Smith,* 155 Va. 367, 154 S.E. 579 (1930) to support his position. The Supreme Court held in *Hale* that a corporation does not enjoy the same rights granted to an individual by the fifth amendment to the United States Constitution. Specifically, because a corporation is a creature of statute and it is vested with special privileges and franchises, it may not refuse to divulge information, based on the constitutional right to remain silent rather than make incriminating statements, in a criminal proceeding. In some circumstances an individual may enjoy greater protections under the constitution than does a corporation. But *Hale* in no way grants to individuals the absolute freedom from state regulation that Gordon insists upon. Nor does *Thompson v. Smith, supra,* support Gordon's position. Although the *Thompson* court declared the right to travel public highways to be an individual's "common right which he has under his right to enjoy life and liberty ...," the court also stated that "[t]he exercise of such a common right the city may, under its police power, regulate in the interest of the public safety and welfare...." *Thompson v. Smith,* 154 S.E. at 583. The city driver's license revocation ordinance at issue in *Thompson* was upheld except to the extent it granted broad discretion to the city's chief of police to revoke licenses. "The issuance and revocation of such [driving] permits by a city is merely a means of exercising the police power of the state delegated to the city to regulate the use of the public highways in the interest of the public safety and welfare." *Id.* Only by lifting statements from context and by ignoring difficult language does Gordon make *Thompson, Hale,* and other cases support his position. Providing similar examples from other cases cited by Gordon would only unnecessarily lengthen this opinion.

■ Although removing the lien placed on a mortgaged vehicle arguably elevates one to a new level of freedom, we do not believe the state or federal constitution exempts the "freeman" from the regulations imposed here through the state's legitimate use of its police power. The constitutional right to travel does not "destroy the independent power of each State under our Constitution to enact laws uniformly applicable to all of its residents." *Califano v. Torres,* 435 U.S. 1, 4–5, 98 S.Ct. 906, 908, 55 L.Ed.2d 65 (1978). *See also Salibra v.*

*Supreme Court of Ohio,* 730 F.2d 1059 (6th Cir.1984).

The judgments of conviction are affirmed, as is the order denying declaratory relief. No costs or attorney fees on appeal in either case.