710 P.2d 646

The STATE of Idaho,
Plaintiff-Respondent,

v.

James VON SCHMIDT,
Defendant-Appellant.

No. 15824.

Court of Appeals of Idaho.

Dec. 2, 1985.

James Von Schmidt, pro se.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Following a trial in the magistrate division of the district court, James Von Schmidt was found guilty of failing to obtain a motor vehicle operator's license, of failing to register a motor vehicle, and of failing to maintain motor vehicle liability insurance. The judgment of conviction was affirmed by the district court. Von Schmidt has appealed the district court's decision. He contends that Idaho's licensing, registration and liability insurance statutes violate certain inherent or constitutional rights. Finding no such violation, we affirm.

Von Schmidt argues that as a self-professed "free man," he is entitled to travel upon public highways unburdened by state regulation. He also contends that the constitutional right to travel is absolute, depriving the state of any authority to require a license, registration or insurance. We disagree.

Two previous decisions, *Gordon v. State,* 108 Idaho 178, 697 P.2d 1192 (Ct.App.1985), and *State v. Gibson,* 108 Idaho 202, 697 P.2d 1216 (Ct.App.1985), have discussed these general questions. In *Gordon v. State, supra,* we said, "Whether [the right to travel] is termed a right or a privilege, an individual's ability to travel on public highways is 'subject to reasonable regulation by the state in the exercise of its police power.'" *Id.* 108 Idaho at 179, 697 P.2d at 1193, *quoting Adams v. City of Pocatello,* 91 Idaho 99, 101, 416 P.2d 46, 48 (1966). The state's authority to require drivers' licenses and to require registration of vehicles are legitimate exercises of the police power. *Gordon v. State, supra.* The constitutionality of the Idaho Motor Vehicle Safety Responsibility Act (MVSRA), requiring proof of liability insurance, also has been upheld by our Court. *See State v. Reed,* 107 Idaho 162, 686 P.2d 842 (Ct.App.1984). We are not persuaded to overturn these precedents.

Accordingly, the district court's decision is affirmed.