791 P.2d 36

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Clyde C. FANNING,
Defendant–Appellant.**

No. 18025.

Court of Appeals of Idaho.

May 1, 1990.

Clyde C. Fanning, Plummer, pro se.

Jim Jones, Atty. Gen., Myrna A.I. Stahman and James E. Leuenberger, Deputy Attys. Gen. (argued), Boise, for plaintiff-respondent.

Before WALTERS, C.J., SWANSTROM and WINMILL, JJ., Pro Tem.

PER CURIAM.

Following a trial in the magistrate division of the district court, Clyde Fanning was found guilty of failure to obtain a motor vehicle driver's license. The judgment of conviction was affirmed by the district court. Fanning has appealed the district court's decision, raising a number of issues on appeal including (1) whether the magistrate court had jurisdiction over this case; (2) whether the Idaho motor vehicle code applies to Fanning absent a "contract" with the state; (3) whether Fanning was properly informed of the charge against him; and (4) whether there was probable cause for the traffic stop which led to the discovery that Fanning was driving without a license. We affirm.

We first discuss Fanning's jurisdictional challenge. Where, as here, the issues before this Court are the same as the issues presented to the district court sitting in an appellate capacity, we review the record of the magistrate division independently of the decision of the district court. *State v. Palmer*, 114 Idaho 895, 896, 761 P.2d 1247, 1248 (Ct.App.1988). Fanning asserts that he is not subject to the jurisdiction of the magistrate because, absent a violation of a common law crime, a contract with the state is required for the court to acquire jurisdiction. This argument is neither novel nor sound. As a citizen and resident of this state, Fanning is personally subject to the jurisdiction of this state's courts. No "contract" is required. The district courts of Idaho have original jurisdiction in all cases. Idaho Const. art. V, § 20. The magistrate courts are divisions of the district court, *see* I.C. § 1-2201, and therefore have jurisdiction also.

Fanning next asserts that the Idaho motor vehicle code does not apply to him because he has made no contract with the state, by which he agreed to give up his common law right to use the highways. We have consistently upheld the state's authority to require driver's licenses and the registration of vehicles. *See Parsons v. State*, 113 Idaho 421, 745 P.2d 300 (Ct.

App.1987) (review denied); *State v. Von Schmidt,* 109 Idaho 736, 710 P.2d 646 (Ct. App.1985); *Gordon v. State,* 108 Idaho 178, 697 P.2d 1192 (Ct.App.1985). We have further consistently rejected the notion that a state must contract with a citizen to subject the citizen to its laws. *State v. Simmons,* 115 Idaho 877, 878, 771 P.2d 541, 542 (Ct.App.1989) (review denied).

Fanning further asserts that the vehicle code does not apply to him because he does not use the public highways for gain or profit. We are unpersuaded. Idaho Code § 49–301 (formerly 49–307) states in express language that "[n]o person ... shall drive any motor vehicle upon a highway unless the person has a valid license as an operator or chauffeur." The statute lacks any mention of a requirement to use the public highways for profit.

Fanning also contends that his due process rights were violated because he was not properly informed of the charge against him. Our examination of the record reveals that the citation issued to Fanning charged him with operating a motor vehicle without an operator's license in violation of I.C. § 49–307 (now I.C. § 49–301). Fanning was again told of this charge during the arraignment and also at trial. Fanning nonetheless asserts that this was not a proper charge because it did not inform him of both the cause and the nature of the crime, as is required by the Sixth Amendment of the United States Constitution. We have previously held that a uniform traffic citation, such as was issued in this case, is sufficient to inform a violator of the "nature" of the charge against him. *State v. Ritchie,* 114 Idaho 528, 757 P.2d 1247 (Ct.App.1988). We therefore conclude that Fanning was adequately informed of the charge against him.

Finally, Fanning contends that the police officer who stopped him did so without probable cause. Our standard of review for probable cause determinations is bifurcated. We defer to the lower court's finding of fact when supported by substantial evidence. We exercise de novo review as to whether the facts as found constitute probable cause. *State v. Middleton,* 114 Idaho 377, 380, 757 P.2d 240, 243 (Ct.App. 1988). The record reveals that Fanning was stopped on the highway outside of Plummer, Idaho, by a county sheriff, who later testified that Fanning had been exceeding the speed limit. On the basis of this testimony, the magistrate found that the sheriff had a basis for stopping Fanning. It is clear that exceeding the speed limit furnishes probable cause to stop a motor vehicle. *Matter of Griffiths,* 113 Idaho 364, 368, 744 P.2d 92, 96 (1987). We therefore find no error in the magistrate's determination that there was probable cause.

Accordingly, the decision of the district court upholding the judgment of the magistrate court convicting Fanning of the charge of failure to obtain a driver's license is affirmed.