146 P.3d 684

**Lawrence D. LEWIS, Plaintiff-Appellant,**

**v.**

**STATE of Idaho, DEPARTMENT OF TRANSPORTATION, Defendant-Respondent.**

**No. 31833.**

Court of Appeals of Idaho.

Aug. 17, 2006.

Review Denied Nov. 9, 2006.

Stanley Crow, Boise, and William J. Olson, P.C., McLean, Virginia, for appellant. Herbert W. Titus argued.

Hon. Lawrence G. Wasden, Attorney General; Joseph T. Thomas, Deputy Attorney General, Idaho Falls, for respondent. Joseph T. Thomas argued.

PERRY, Chief Judge.

Lawrence D. Lewis appeals from the district court's decision upon judicial review affirming the Idaho Department of Transportation's order denying his application to renew his driver's license. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Lewis attempted to renew his driver's license but refused to provide his social security number as required by the application. Lewis asserted he no longer used his social security number. Lewis was informed by the Idaho Department of Transportation that, absent written verification from the Social Security Administration that he had not

been issued a number, Lewis was required to provide his social security number in order to complete the application.

Following Lewis's refusal to provide his social security number, the department suspended Lewis's license and his renewal application was denied.[1] Lewis requested an administrative hearing, claiming that his social security number was invalid and the requirement to provide a social security number violated his free exercise of religion. Lewis acknowledged he was issued a social security number in 1963, but claimed he stopped using it and had tried to have the Social Security Administration revoke the number. Lewis believes the number issued to him by the federal government is either the precursor to, or actually is, the biblical "mark of the beast."

Upon conclusion of the administrative hearing, the hearing officer upheld the department's decision to deny renewal of Lewis's license. Lewis filed a motion for reconsideration, which was also denied. Lewis appealed the decision of the hearing officer. Upon review of the case and additional briefing by both parties, the director of the department issued an order affirming the hearing officer's decision to not renew Lewis's license. The director also denied Lewis's subsequent motion for reconsideration of the order.

Lewis appealed from the director's order to the district court. After oral argument, the district court remanded the case back to the department for further findings. Following a hearing on remand, the department concluded that Lewis had a sincere religious motivation for his claim. The department then articulated the compelling state interests that were furthered and how the collection of social security numbers was the least restrictive means of meeting those interests. The department also asserted that it was required to collect the social security numbers of driver's license applicants in order to meet the requirements of federal law. Lewis

1. The record indicates Lewis's then-current license was suspended when he refused to provide his social security number upon applying for renewal of the license. The application was also denied. In all subsequent agency and judicial actions, only the denial of the renewal of his license is discussed and the suspension of his then-valid license was not discussed again.

appealed to the district court, which affirmed the department's order. Lewis again appeals.[2]

## II.

## STANDARD OF REVIEW

■ The Idaho Administrative Procedures Act (IDAPA) governs the review of Department of Transportation decisions to deny, cancel, suspend, disqualify, revoke or restrict a person's driver's license. *See* I.C. §§ 49–201, 49–330, 67–5201(2), 67–5270. In an appeal from the decision of the district court acting in its appellate capacity under the Idaho Administrative Procedures Act (IDAPA), this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dept. of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct.App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67–5279(1); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial competent evidence in the record. *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs,* 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall,* 137 Idaho at 340, 48 P.3d at 669.

■ The Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67–5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67–5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette County Bd. of County Comm'rs,* 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, "it shall be set aside . . . and remanded for further proceedings as necessary." I.C. § 67–5279(3).

## III.

## ANALYSIS

The department denied renewal of Lewis's license based on his refusal to provide his social security number as required by I.C. § 49–306(2), which provides:

(2) Every application shall state the true and full name, date of birth, sex, declaration of Idaho residency, Idaho residence address and mailing address, if different, of the applicant, height, weight, hair color, and eye color, and the applicant's social security number as verified by the applicant's social security card or by the social security administration.

(a) The requirement that an applicant provide a social security number as verified by his social security card or by the social security administration shall apply only to applicants who have been assigned a social security number.

(b) An applicant who has not been assigned a social security number shall:

(i) Present written verification from the social security administration that the applicant has not been assigned a social security number; and

(ii) Submit a birth certificate, passport or other documentary evidence issued by an entity other than a state or the United States; and

---

2. Prior to oral argument before this Court, the state filed a motion to remand for further administrative action. The state argued the department was willing to renew Lewis's driver's license as it had obtained his social security number when he disclosed it to the hearing officer. Lewis objected to the state's motion arguing that it would not relieve the burden upon his free exercise of religion. This Court denied the motion. At oral argument the state renewed its motion for remand, which we again deny.

(iii) Submit such proof as the department may require that the applicant is lawfully present in the United States.

On appeal, Lewis asserts the department erred on several grounds.[3] Primarily, Lewis argues the statutory requirement that he provide a social security number to apply for a driver's license violates his right under the Idaho Free Exercise of Religion Act. *See* I.C. § 73–402. Idaho Code Section 73–402 provides:

(1) Free exercise of religion is a fundamental right that applies in this state, even if laws, rules or other government actions are facially neutral.

(2) Except as provided in subsection (3) of this section, government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability.

(3) Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person is both:

(a) Essential to further a compelling governmental interest;

(b) The least restrictive means of furthering that compelling governmental interest.

(4) A person whose religious exercise is burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. A party who prevails in any action to enforce this chapter against a government shall recover attorney's fees and costs.

(5) In this section, the term "substantially burden" is intended solely to ensure that this chapter is not triggered by trivial, technical or de minimis infractions.

The term "demonstrates," as applied in I.C. § 73–402(3), is defined in I.C. § 73–401 as: "meets the burdens of going forward

with evidence, and persuasion under the standard of clear and convincing evidence."

## A. Federal Statutory Preemption

The state asserts that the I.C. § 49–306(2) requirement that an individual seeking a driver's license provide his or her social security number is mandated by federal law under 42 U.S.C. § 666(a)(13)(A). Collecting applicants' social security numbers, argues the state, is the only way to meet the requirements of federal law, and federal law therefore preempts the Idaho Free Exercise of Religion Act.

The laws of the United States "shall be the supreme Law of the Land; ... any Thing in the Constitution or Laws of any state to the Contrary notwithstanding." U.S. CONST. art. VI, cl. 2. Accordingly, the United States Supreme Court has established that a state law that conflicts with federal law is "without effect." *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407, 422–23 (1992); *M'Culloch v. Maryland*, 17 U.S.(4 Wheat) 316, 427, 4 L.Ed. 579, 606 (1819). Federal law may preempt state law in two ways. *Boundary Backpackers v. Boundary County*, 128 Idaho 371, 375, 913 P.2d 1141, 1145 (1996). If Congress exhibits intent to occupy a given field of law then any state law encroaching into that field is preempted. *Id.* If Congress has not occupied a given field, but a state law conflicts with federal law, state law is still preempted to the extent it conflicts with federal law. *Id.*

The federal statute in question, 42 U.S.C. § 666, is part of the Welfare Reform Act which requires each state to have effective interstate child support enforcement laws and implement those procedures set forth by federal statute. 42 U.S.C. § 654(20). Congress initially enacted child support enforcement programs and laws to improve interstate collection of child support payments. *Michigan Dept. of State v. United States*, 166

---

3. Lewis also asserts his social security number is invalid and raises several additional claims apparently against the Social Security Administration and other federal authorities. However, application for, assignment of, and alteration of social security numbers are governed entirely by federal regulations. *See* 20 C.F.R. § 422.103; 20

C.F.R. § 422.104; 20 C.F.R. § 422.110. Consequently, this Court has no jurisdiction to address the validity of Lewis's social security number or any of the other related claims he attempts to put before this Court. Therefore, we do not address them further.

F.Supp.2d 1228, 1231 (W.D.Mich.2001). Eventually, it was determined that interstate collection had a low success rate, despite such federal laws and programs. *Id.* at 1232. In order to more effectively track individuals owing child support and collect from them, Congress required the states to establish several new databases. Id. Primarily, these databases required the recording of social security numbers in certain family matters. 42 U.S.C. § 666(a)(13); *Michigan,* 166 F.Supp.2d at 1232. This included the recording of social security numbers of any one applying for a driver's license. 42 U.S.C. § 666(a)(13)(A). The Federal Parent Locator Service, which was established by the federal government to allow the states and the federal government to work together to locate absent parents, used social security numbers as a unique federal identifier for several years. *Michigan,* 166 F.Supp.2d at 1232. Therefore, it was logical to require the new state databases to also acquire social security numbers. *Id.* Congress has thus established a strong policy reason for collecting social security numbers of driver's license applicants as an interstate tool in locating parents who are remiss in their support payments. *Id.*

To comply with this federal law, the Idaho legislature enacted a requirement that all driver's license applicants provide their social security numbers if they have been issued one. I.C. § 49–306(2). Specifically, I.C. § 49–306(2) complies with 42 U.S.C. § 666(a), which requires that "each State must have in effect laws requiring the use of the following procedures, consistent with this section." One of the required procedures is that the social security number of "any applicant for a professional license, *driver's license,* occupational license, recreational license, or marriage license be recorded on the application." 42 U.S.C. § 666(a)(13)(A) (emphasis added).

■ The language of 42 U.S.C. § 666(a) and 42 U.S.C. § 666(a)(13) is clear and unambiguous. Under the statutory scheme, Idaho and all other states are required to record social security numbers of individuals seeking a driver's license on the license application. 42 U.S.C. § 666(a)(13). Exempting Lewis from the requirement of recording his issued social security number on his driver's license application under the Idaho Free Exercise of Religion Act would mean that I.C. § 73–402 conflicts with 42 U.S.C. § 666(a)(13)(A). Therefore, under the preemption doctrine, 42 U.S.C. § 666(a)(13)(A) supercedes any limitations the department may have under I.C. § 73–402 in regard to the collection of social security numbers for driver's license applicants.

Lewis argues, however, that the department can protect his religious practice as required by I.C. § 73–402 without violating 42 U.S.C. § 666(a)(13)(A) because the federal statute does not require that *he* provide the social security number, and it would not be a restriction on his religious exercise if the department obtained the number from another source.[4] Lewis now suggests that it is the responsibility of the department to obtain an applicant's social security number from the Social Security Administration when the applicant objects to supplying the number on religious grounds.

■ Lewis did not present this argument to the district court below. To the contrary, it was his position that *any use* of his social security number by the state constituted a violation of his religious beliefs. Lewis also did not raise this argument in his initial appellant's brief to this Court. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave,* 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Moreover, the state never

4. 42 U.S.C. § 666(a)(13) provides that "if a State allows the use of a number other than the social security number to be used on the face of the document while the social security number is kept on file at the agency, the State shall so advise any applicants." At oral argument, Lewis also suggested this provision allows him to insist the department provide him with a neutral identification number and locate his social security number without his assistance. We disagree. This provision only indicates that, at the state's discretion, the applicant's social security number need not be recorded on the licensing document, but still must be recorded in a department file. The provision does not affect the requirement of recording the applicant's social security number on the application or indicate the applicant cannot be required to provide the number to the department.

had an opportunity to respond to this theory in the district court and establish an evidentiary record as to whether the department could even acquire Lewis' social security number directly from the Social Security Administration. Therefore, there is no record available to this Court that would allow us to review Lewis's new argument. Accordingly, it will not be considered on appeal.

Lewis also argues that, because 42 U.S.C. § 666 has a provision for exemptions, under the United States Supreme Court holding in *Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal et al.*, 546 U.S. 418, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006), the state must seek an exemption for Lewis in order to satisfy the least restrictive means requirement in I.C. § 73–402(3)(b). Lewis refers to 42 U.S.C. § 666(d), by which Congress has provided state governments a mechanism to obtain exemptions from individual procedures required by the statute. The exemption in 42 U.S.C. § 666(d) specifically provides:

> If a State demonstrates to the satisfaction of the Secretary, through the presentation to the Secretary of such data pertaining to caseloads, processing times, administrative costs, and average support collections, and such other data or estimates as the Secretary may specify, that the enactment of any law or the use of any procedure or procedures required by or pursuant to this section will not increase the effectiveness and efficiency of the State child support enforcement program, the Secretary may exempt the State, subject to the Secretary's continuing review and to termination of the exemption should circumstances change, from the requirement to enact the law or use the procedure or procedures involved.

The exemption provision of 42 U.S.C. § 666(d) specifies that exemptions are only granted if a state can demonstrate, through "data pertaining to caseloads, processing times, administrative costs, average support collections, and such other data or estimates as the Secretary may specify," that one of the required procedures is not necessary for the effectiveness and efficiency of a state's child support enforcement program. The ex-

emption provision is aimed only at allowing a state, not an individual, to be exempted from one of the required procedures if the state can show the procedure is not necessary for the effectiveness of the entire state child support enforcement system and that the exemption would not adversely affect interstate cases. *See Michigan*, 166 F.Supp.2d at 1236–37.

In *O Centro*, a small group practicing a South American religion argued criminalizing their use of a particular hallucinogen pursuant to the Controlled Substances Act (CSA) violated the federal Restoration of Freedom of Religion Act (RFRA). The United States Supreme Court determined the Attorney General had the authority under the CSA to waive compliance with parts of the CSA for certain groups if it would be "consistent with the public health and safety." The Court held that, because the Attorney General has such ability, and exemptions had been made by Congress for peyote use by Native American groups, for the state to argue that the CSA was a "closed system" that prohibits all use of listed substances was inaccurate and did not relieve it of its burden under the RFRA. *O Centro*, 546 U.S. at ——, 126 S.Ct. at 1220, 163 L.Ed.2d at 1030.

In comparing the federal statutes applicable in this case and in *O Centro*, the exemptions that can be sought are radically different. Under the CSA, the Attorney General was expressly authorized to grant an exception to certain groups so long as it is "consistent with the public health and safety." *O Centro*, 546 U.S. at ——, 126 S.Ct. at 1221, 163 L.Ed.2d at 1033. This is a far cry from the exemption contemplated in 42 U.S.C. § 666(d). As discussed above, exemptions under 42 U.S.C. § 666(d) are allowed only if the requirement from which the state is seeking a waiver is not necessary for the effectiveness of an entire state administrative system. This portion of the statute provides for exemptions only for the state as a whole, not for individuals or even groups.

Therefore, we are not convinced that the logic applied in *O Centro* applies here. Unlike the authority bestowed upon the Attorney General of the United States under the CSA to grant an exemption for groups or

individuals from the CSA, the department here had no authority to grant Lewis an exemption from 42 U.S.C. § 666(a)(13)(A).

 The state is compelled to follow a federal mandate, and any portion of I.C. § 73–402 that creates a conflict with that mandate is without effect. The department has no duty or authority to seek an exemption under the federal statute in question for one individual. Absent an exemption from the Secretary of the United States Department of Health and Human Services based on the overall effectiveness of state child support enforcement system, the social security number requirement of I.C. § 49–306(2) is the only means of meeting the federal requirement of 42 U.S.C. § 666(a)(13). Therefore, the department did not violate I.C. § 73–402 in denying Lewis's application, and the district court did not err in affirming the department's denial of the renewal of Lewis's license. Accordingly, we need not address Lewis's free exercise of religion argument as, in the circumstances of this case, I.C. § 73–402 is preempted by federal law.

**B. Attorney Fees on Appeal**

 The state seeks an award of attorney fees on appeal. An award of attorney fees may be granted under I.C. § 12–121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett,* 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct.App.1995).

 Neither this Court nor the Idaho Supreme Court has previously conducted an examination of I.C. § 73–402 or analyzed its potential preemption by federal law. The state on appeal concedes that Lewis's religious beliefs and motivations are sincere and the requirements of I.C. § 49–306(2) do substantially burden his free exercise of religion. Considering Lewis's exercise of his religious beliefs, and the lack of guidance on the application of I.C. § 73–402, we cannot conclude Lewis's appeal is frivolous. Accordingly, no attorney fees are awarded.

## IV.

## CONCLUSION

The state is required by federal law to record the social security number of all driver's license applicants. Under the federal preemption doctrine, this mandate preempts any state law that would conflict with the federal requirement, including I.C. § 73–402. Therefore, the department did not err in its denial of Lewis's application to renew his driver's license, and the district court did not err in affirming the department's order. Accordingly, we affirm the district court's decision upon judicial review affirming the department's order. Costs, but not attorney fees, are awarded to the respondent, State of Idaho.

Judge LANSING and Judge GUTIERREZ concur.

