**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50238**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 1, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JACK CHRISTOPHER CARSWELL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, Senior District Judge. Hon. Michael Dean, Magistrate.

Decision of the district court on intermediate appeal affirming the judgment of the magistrate court, affirmed.

Jack Christopher Carswell, Nampa, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Jack Christopher Carswell appeals from his judgment of conviction for displaying a fictitious license plate and failing to provide proof of insurance. Carswell appealed to the district court which, in its intermediate appellate capacity, affirmed the judgment of the magistrate court. Carswell appeals. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Meridian Police stopped Carswell after they observed his license plate did not have numbers or resemble a state-issued plate. Carswell's plate only stated "Idaho" on the top and "notice" on the bottom. Carswell refused to provide his driver's license, registration, or proof of insurance. Germane to this appeal, Carswell was cited for the infractions of displaying a fictitious license plate, Idaho Code § 49-456(3), and failing to provide proof of insurance, I.C. § 49-1232.

1

At a bench trial before the magistrate court, proceeding pro se, Carswell asserted that federal law preempted the state law under which the charges were brought, citing 29 C.F.R. § 782.3 and 18 U.S.C. § 31(6) which define "driver" and "motor vehicle," respectively. Carswell further asserted that individuals have a natural right to travel. He argued that the federal statutes provide only for regulation of commercial or for hire vehicles and, therefore, preempted Idaho laws which purport to regulate noncommercial operation of a vehicle. The magistrate court concluded that compelling government interests justify regulations by states over the public roadways and that the statutes at issue were not preempted by federal law. The magistrate court found Carswell guilty of driving with a fictitious plate and failing to provide proof of insurance.[1]

On intermediate appeal to the district court, Carswell again argued that because he was not driving in commerce or for hire, he was not subject to Idaho laws requiring a license plate and proof of insurance and that federal preemption applied. The district court cited both federal and state authority supporting the applicable state regulatory schemes. The district court held that requiring licensing, registration, and insurance were a valid exercise of Idaho's police power. Therefore, the district court affirmed Carswell's infraction convictions. Carswell timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate court's decision, we affirm the district court's decision as a matter of procedure. *Id.* However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions,

---

[1] Idaho Code § 49-1232(1) permits the alleged offender to provide proof of insurance prior to conviction. Carswell did not present evidence to the magistrate court. However, Carswell asserted in the district court and again in this appeal that he possesses proof of insurance. Since Carswell did not present proof of insurance to the magistrate court prior to conviction, we will not further address his claim that he has insurance.

2

whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990). Further, whether Idaho law is preempted by federal law is also a question of law. *Christian v. Mason*, 148 Idaho 149, 151, 219 P.3d 473, 475 (2009).

## III.

## ANALYSIS

On appeal, Carswell asserts that the district court erred in affirming the magistrate court's convictions. Carswell again argues that the state laws at issue are invalid because they are preempted by federal law under the Supremacy Clause of the United States Constitution. U.S. CONST. art. VI, cl. 2. Carswell contends his "Notice Plate" informed Meridian Police that he was not operating in commerce and, therefore, they lacked authority to stop him and infringed upon his fundamental right to travel. The State argues we should decline to consider the merits of Carswell's preemption claim because Carswell failed to comply with the Idaho Appellate Rules, however, if we reach the merits, the district court's decision on intermediate appeal was not in error because Carswell failed to show that the Idaho laws are preempted.

### A. Jurisdiction

Carswell appears to assert that the magistrate court did not have jurisdiction to resolve the infraction charges, ostensibly because the charges are "civil" and not criminal. Carswell does not provide support for this assertion. Regardless, the magistrate court had jurisdiction as Carswell was served with the citations in Idaho and appeared in court. Idaho Infraction Rule 4; *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 74, 803 P.2d 978, 980 (1990) (finding service in state provides personal jurisdiction); *see also State v. L'Abbe*, 156 Idaho 317, 321-22, 324 P.3d 1016, 1020-21 (Ct. App. 2014) (addressing magistrate court's subject matter jurisdiction over speeding infraction).

### B. Idaho Appellate Rules

Idaho Appellate Rule 35(a) describes the requirements for an appellant's brief. An appellant must list the issues presented on appeal for review in a short and concise statement. I.A.R. 35(a)(4). Pursuant to I.A.R. 35(a)(6), the argument section of the appellant's brief "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied

upon." Carswell makes a number of assertions about what was said, was submitted to, and transpired in the magistrate and district courts but he wholly fails to cite to any transcript or the record in support of these assertions. We will not scour the record for errors when an appellant fails to provide citations to the record. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). This Court will not consider issues or arguments that fail to cite the record or sufficient authority. *Kelly v. Kelly*, 171 Idaho 27, 45, 518 P.3d 326, 344 (2022). "Consequently, to the extent that an assignment of error is not argued and supported in compliance with the I.A.R., it is deemed to be waived." *State v. McDay*, 164 Idaho 526, 528, 432 P.3d 643, 645 (2018).

The appellant's brief must also articulate the appropriate standard of review and address the matters brought on appeal for our evaluation. *State v. Byrum*, 167 Idaho 735, 739, 476 P.3d 402, 406 (Ct. App. 2020). "Failure to identify the issue as error by the district court, rather than the magistrate court, include or apply the correct standard of review, or provide argument and authority relevant to the correct standard of review and claim on review may result in a waiver of the claims on appeal." *Id.* at 740, 476 P.3d at 407. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). If an appellant fails to articulate or provide analysis under the appropriate standard of review, the argument is conclusory and thus fatally deficient. *Byrum*, 167 Idaho at 739-40, 476 P.3d at 406-07; *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017).

Carswell has failed to support his position with citations to the record and transcripts of the proceedings in the magistrate and district courts. Additionally, Carswell has not identified the applicable standard of review nor argued under that standard for reversal. It is well established that pro se litigants are held to the same standards and rules as those represented by an attorney. *State v. Davis*, 165 Idaho 709, 713, 451 P.3d 422, 426 (2019). Due to these procedural deficiencies, we need not address Carswell's issues on the merits and affirm the district court's decision on intermediate appeal affirming the magistrate court's judgment of conviction.

## C.     Federal Preemption

Carswell does not dispute that he was driving with a fictitious plate and that he failed to provide proof of insurance. Instead, he argues that I.C. § 49-1232 and I.C. § 49-456 are preempted by federal statutes and regulations. Carswell contends that because he was not operating his personal vehicle in commerce or for hire, he was not subject to Idaho law. Even if we were to

reach the merits of Carswell's argument, Idaho's exercise of police powers as reflected in the statutes at issue are not preempted by federal law.

The Supremacy Clause mandates that federal law "shall be the supreme Law of the Land," and the United States Supreme Court has held a state law that conflicts with federal law is "without effect." U.S. CONST. art. VI, cl. 2; *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992). We begin with the presumption that the state law is not preempted. *Idaho Dept. of Health and Welfare v. McCormick*, 153 Idaho 468, 471, 283 P.3d 785, 788 (2012). Federal law may preempt state law in two ways: (1) field preemption, where Congress has exhibited an intent to occupy a given field of law; and (2) conflicting laws, where Congress has not occupied a given field of law, but a state law conflicts with a federal law. *Lewis v. State, Dep't of Transp.*, 143 Idaho 418, 422, 146 P.3d 684, 688 (Ct. App. 2006). In the case of field preemption, any law a state passes in a federally occupied area of law is preempted in its entirety. *Id.* For conflicting laws, a state law is preempted only to the extent that it conflicts with federal law. *Id.*; *McCormick*, 153 Idaho at 471, 283 P.3d at 788. State law conflicts with a federal law when the law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *In re Estate of Mundell*, 124 Idaho 152, 153, 857 P.2d 631, 632 (1993). The state law must be directly contrary to the congressional intent of the federal law. *Mason*, 148 Idaho at 152, 219 P.3d at 476.

Congress has not occupied the field concerning motor vehicles or roadways within each state. Furthermore, Idaho's laws have not impeded or prevented the accomplishment of the federal laws' full purpose and objective.[2] Federal commercial vehicle regulations were not intended to preempt state regulations or licensing requirements. The terms cited in 18 U.S.C. § 31 and 29 C.F.R. § 782.3 only apply to those specific statutory chapters or subchapters. The definition of "motor vehicle" means used for commercial purposes and "driver" encompasses one engaged in commerce to enforce the Motor Carrier Act. The specific limitations Congress placed on these definitions cannot be read to broadly preempt state law considering their function in the regulatory scheme. The Secretary of Transportation is authorized to prescribe regulations on commercial motor vehicles under 49 U.S.C. § 31136(a) and may preempt state laws regarding commercial

---

[2]     Idaho Code § 49-123(2)(h) defines "motor vehicle" and references federal motor vehicle safety standards for titling and registration purposes. The federal criminal statute, 18 U.S.C. § 31(a)(6), defines a "motor vehicle" used for commercial purposes and does not implicate noncommercial state regulatory schemes.

motor vehicles under Section 31141. However, conflict preemption requires an affirmative determination by the Secretary, not a presumption. The defined terms do not conflict with Idaho regulatory requirements or preempt every state law that addresses drivers or motor vehicles in a different context. As relevant here, while the federal law cited may regulate commercial motor vehicles, it does not operate to prevent the states from regulating noncommercial vehicles and their operation.

The Constitution is the supreme law of the land, but it is not the only applicable law in Idaho. "[A] state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles, those moving in interstate commerce as well as others." *Hendrick v. State of Maryland*, 235 U.S. 610, 622 (1915). "The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent." *Reitz v. Mealey*, 314 U.S. 33, 36 (1941), *overruled in part on other grounds by Perez v. Campbell*, 402 U.S. 637, 652-54 (1971). It is well settled that Idaho retains police powers to regulate motor vehicles on public roads to preserve health, safety, and welfare. *State v. Wilder*, 138 Idaho 644, 646, 67 P.3d 839, 841 (Ct. App. 2003); *State v. Von Schmidt*, 109 Idaho 736, 710 P.2d 646 (Ct. App. 1985); *Gordon v. State*, 108 Idaho 178, 180, 697 P.2d 1192, 1194 (Ct. App. 1985). We have previously addressed a similar preemption argument and held that a statute carried a presumption of constitutionality and was valid until adjudicated unconstitutional. *State v. Reed*, 107 Idaho 162, 164, 686 P.2d 842, 844 (Ct. App. 1984). We recognized then and affirm again here that motor vehicle regulations do not exceed the state's police power. *Id.* Furthermore, an individual does not need to be in commerce or for hire to be subject to the laws of Idaho. *State v. Fanning*, 117 Idaho 655, 656-57, 791 P.2d 36, 37-38 (Ct. App. 1990).

The right to drive a motor vehicle has been distinguished from the fundamental right to travel. *Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999); *Von Schmidt*, 109 Idaho at 736, 710 P.2d at 646. "Whether [the right to travel] is termed a right or a privilege, an individual's ability to travel on public highways is 'subject to reasonable regulation by the state in the exercise of its police power.'" *Gordon*, 108 Idaho at 179, 697 P.2d at 1193 (quoting *Adams v. City of Pocatello*, 91 Idaho 99, 101, 416 P.2d 46, 48 (1966)). Carswell cited many cases in support of his argument, but none stand for the proposition that a state cannot validly regulate public highways. In *Gordon* we addressed similar arguments that asserted a right to travel free from state regulation.

6

*Gordon*, 108 Idaho at 179, 697 P.2d at 1193; *accord Thompson v. Smith*, 154 S.E. 579, 583 (1930) (holding state regulatory schemes are a valid exercise of police power in the interest of public safety and welfare). Conversely, Carswell has cited portions of cases out of context and ignored other language to support his position.

Carswell has not properly cited the record or applicable standard of review on appeal, has inaccurately characterized statutes and case law, and has misconstrued preemption. Ultimately, Carswell has not contested that he was driving with a fictitious plate or that he failed to provide proof of insurance to the magistrate court. Carswell operated his private vehicle, in a private noncommercial capacity, on a public road in Idaho. Federal laws regulating commercial vehicle operation do not preempt state laws regulating noncommercial vehicle operation. The district court did not err in affirming the judgment of the magistrate court.

## IV.

## CONCLUSION

Carswell has failed to properly cite to the applicable standard of review on appeal or the record and transcripts in support of his arguments and they are, thus, waived. Nevertheless, the magistrate court and the district court correctly concluded the applicable motor vehicle laws are valid and enforceable and not preempted by federal law. Accordingly, we affirm the district court's intermediate appellate decision affirming the magistrate court's judgment. Therefore, Carswell's judgment of conviction is affirmed.

Chief Judge LORELLO and Judge Pro Tem MELANSON **CONCUR**.